IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BBCC, LLC,

                     Plaintiff,

   v.

THE COMMUNITY OF BISHOPS BAY LLC,

                     Defendant.

OPINION and ORDER

24-cv-791-jdp

---

Plaintiff BBCC, LLC contends that defendant The Community of Bishops Bay LLC's use of its bumblebee logo and the term "Bishops Bay" breach the parties' license agreement and infringe its trademarks.

Trial was set to begin on April 27, 2026. But to accommodate the court's calendar, the trial date will have to be reset at the first final pretrial conference, scheduled for April 15, 2026, at 1:30 p.m. The court suggests that the parties consider a bench trial, given that the ultimate relief to be granted would be a decision for the court. And a bench trial is much easier to reschedule than a jury trial.

This order addresses the parties' motions in limine. Attached are drafts of the voir dire, introductory instructions, post-trial instructions, and verdict form.

ANALYSIS

## A.  BBCC's motions in limine

### 1.  Judicial notice of service marks

BBCC requests that the court take judicial notice under Rule 201 of the Federal Rules of Evidence that nine of its service marks are "valid and protectable." Dkt. 25, at 5.[1] The service marks are for the word mark BISHOPS BAY and for a stylized miter design, the headdress worn by bishops. *Id.* at 2–4. The marks are registered in Class 41 for country clubs and related services; in Class 43 for restaurant services; and in Class 35 for retail stores.

The court will take judicial notice of the registrations, which are prima facie evidence of the marks' ownership and validity. The court will also take judicial notice of the registrations' "incontestable" status which limits the grounds on which they may be challenged.

The motion is granted for the most part. But whether the marks are valid and enforceable is disputed.

### 2.  Evidence regarding relationship between Jeffrey Jacobsen and Sam Jacobsen

BBCC moves to exclude evidence regarding the relationship between Jeffrey Jacobsen, the sole member of BBCC, and Sam Jacobsen, Jeffrey's father, who is deceased. Dkt. 25, at 5–6. BBCC also moves to exclude testimony about Jeffrey Jacobsen's prior litigation against his father's estate. BBCC contends that this evidence is irrelevant, so it should be excluded under Rule 401. BBCC also contends that the evidence would confuse the issues, so it should be excluded under Rule 403.

---

[1] The registration numbers for the nine service marks are: 4,231,659; 5,121,657; 5,231,656; 5,254,699; 5,217,249; 5,221,980; 5,231,661; 5,249,366; and 5,254,700.

The Community contends that testimony regarding the Jacobsens' relationship and Jeffrey Jacobsen's prior litigation is relevant for three reasons, none of which are persuasive.

First, The Community argues that the Jacobsens' relationship makes it more probable that Sam Jacobsen would have requested or approved of The Community's bumblebee logo. Dkt. 40, at 8. The quality of Sam and Jeffrey's relationship does not make it any more or less likely that Sam approved The Community's use of the bumblebee logo.

Second, The Community argues that testimony about the Jacobsens' relationship is relevant to damages. The Community's theory of the case is that Jeffrey Jacobsen is upset that he didn't inherit The Community's land and filed this lawsuit out of spite, not because BBCC was damaged by the bumblebee logo. *See* Dkt. 40, at 8–9. Jeffrey's motivations for bringing this suit are irrelevant.

Third, The Community argues that testimony about Jeffrey Jacobsen's prior litigation against his father's estate is relevant because it explains how and when BBCC came to own the asserted trademarks. How BBCC acquired the rights to the marks is irrelevant, and rehashing the details of the prior litigation would be a waste of time. So the motion in limine is granted for the most part.

But some minimal context will be allowed. BBCC apparently purchased Sam Jacobsen's intellectual property rights from his estate in 2015 and, at that time, informed The Community that The Community was breaching the license agreement. *See* Dkt. 1, ¶ 5; Dkt. 34, at 3, 10–12; Dkt. 39, at 3, 6. The Community argues that this timing is relevant to its laches defense. Laches is a matter for the court, but BBCC's enforcement efforts may be relevant to some jury questions.

### B. The Community's motions in limine

#### 1. Evidence of The Community's use of the words "Bishops Bay" in entity name

The Community moves to exclude evidence that it breached the license agreement by using the words "Bishops Bay" when it formed business entities other than The Community of Bishops Bay LLC. Dkt. 21, at 4. The use of "Bishops Bay" in that entity name was expressly allowed in an amendment to the original license agreement. Dkt. 1, Ex. 3.

But as for other business entities, The Community argues that BBCC abandoned this argument because Jeffrey Jacobsen testified in his deposition that he was unaware of entities other than The Community that used the words "Bishops Bay":

> Q: Do you know if Terrence Wall or anybody associated with Terrence Wall created any other entities besides The Community of Bishops Bay that used the words "Bishops Bay"?
>
> A: No.

Dkt. 29 (Jacobsen Dep. 81:20–25).

This deposition statement is not a binding judicial admission, which is a formal concession by a party that is binding on that party and withdraws a fact from contention. *Neita v. City of Chicago*, 148 F.4th 916, 927 (7th Cir. 2025). When a party testifying at a deposition admits a fact which is adverse to his claim, a court should treat that testimony as an *evidentiary* admission, which "may be controverted or explained by the party." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995).

BBCC alleged in its complaint that The Community has violated the license agreement by using "Bishops Bay" as part of the name of numerous business entities. However, given Jeffrey's testimony, there appears to be no support for this allegation. Moreover, it seems unlikely that the use of "Bishops Bay" as part of an entity name, without actual use of the

name in trade, would constitute trademark infringement or breach the license agreement. The court will provisionally grant the motion. It will allow BBCC to explain what evidence it might seek to present on the subject.

### 2. Evidence of The Community's failure to use trademark symbols

The Community moves to exclude evidence that it breached the license agreement by failing to use the "sm" "tm" or "®" symbols alongside the words "Bishops Bay." Dkt. 21, at 5. The Community argues that BBCC abandoned this contention because Jeffrey Jacobsen testified in his deposition that The Community's failure to use the trademark symbols didn't cause BBCC any damage:

> Q: Would you agree with me that unless and until [the mark] becomes public domain The Community of Bishops Bay's lack of use of the trademark symbol does not damage BBCC?
>
> A: Yes.

Dkt. 29 (Jacobsen Dep. 83:18–22). The Community argues that, because BBCC hasn't suffered damages (the parties apparently agree that the marks haven't fallen into the public domain), BBCC's breach of license agreement claim fails. *See* Dkt. 21, at 5.

It doesn't matter whether BBCC suffered *compensatory* damages attributable to The Community's breach because Wisconsin law allows a party to recover *nominal* damages in the absence of proof of actual damages. *Earl Millikin, Inc. v. Allen*, 21 Wis. 2d 497, 503, 124 N.W.2d 651, 655 (1963) (citing *Hibbard v. W. Union Tel. Co.*, 33 Wis. 558, 565 (1873)); *Rustic Retreats Log Homes, Inc. v. Pioneer Log Homes of B.C., Inc.*, No. 19-cv-1614, 2022 WL 1135908, at *5 (E.D. Wis. Apr. 18, 2022).

The court will deny this motion.

### 3. Evidence of trademark dilution

The Community moves to exclude any evidence that its bumblebee logo dilutes BBCC's marks, contending that BBCC did not bring a claim for dilution. Dkt. 21, at 5–6. The motion is granted. Evidence relevant only to dilution, such as that bumblebee logo is amateurish and thus tarnishes the BISHOPS BAY mark, is excluded.

But to be clear, evidence relevant to the likelihood of confusion is not excluded.

### 4. Evidence of financial damage

The Community moves to exclude evidence that its use of the bumblebee logo caused BBCC "financial damage," which the court understands to refer to compensatory damages. Dkt. 21, at 7. The court will grant this motion as unopposed.

### 5. Evidence of preliminary conclusions by the U.S. Patent & Trademark Office

The Community moves to exclude of the U.S. Patent & Trademark Office's nonfinal office action, which indicated that The Community's use of the words "Bishops Bay" was likely to cause customer confusion. Dkt. 21, at 7–11. The court will grant this motion as unopposed.

ORDER

IT IS ORDERED that:

1. To accommodate the court's calendar, the dates for the trial are STRUCK. The parties should be prepared to discuss scheduling the trial during the first final pretrial conference on April 15, 2026.

2. The court rules on plaintiff BBCC, LLC's motions in limine as follows:

   a. The request to take judicial notice that the trademarks are registered with the United States Patent and Trademark Office and that they are owned by BBCC, Dkt. 25, is GRANTED.

   b. The motion to exclude evidence regarding the relationship between Jeffrey Jacobsen and Sam Jacobsen, and evidence regarding Jeffrey

6

Jacobsen's prior litigation against Sam Jacobsen's estate, Dkt. 25, is GRANTED.

3. The court rules on defendant The Community of Bishops Bay LLC's motions in limine as follows:

a. The motion to exclude evidence that The Community breached the license agreement by using the words "Bishops Bay" when it formed other business entities, Dkt. 20, is GRANTED.

b. The motion to exclude evidence that The Community breached the license agreement by failing to use trademark symbols alongside the words "Bishops Bay," Dkt. 20, is DENIED.

c. The motion to exclude evidence that The Community's bumblebee logo dilutes BBCC's marks, Dkt. 20, is GRANTED.

d. The motion to exclude evidence that The Community's bumblebee logo caused BBCC financial damage, Dkt. 20, is GRANTED.

e. The motion to exclude evidence of preliminary considerations by the U.S. Patent and Trademark Office, Dkt. 20, is GRANTED.

Entered April 10, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge