IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BBCC, LLC,

Plaintiff,

v.

THE COMMUNITY OF BISHOPS BAY LLC,

Defendant.

OPINION and ORDER

24-cv-791-jdp

---

This trademark infringement case is set for a bench trial on May 4, 2026. Four motions are pending.

First, defendant The Community of Bishops Bay LLC moves for leave to amend its answer, Dkt. 8, to assert an abuse of legal process counterclaim against plaintiff BBCC, LLC, contending that BBCC initiated this lawsuit and is continuing to pursue it for an improper purpose. Dkt. 47. Seeking to amend the pleadings less than two weeks before trial is so inherently prejudicial that the court will deny The Community's motion without waiting for BBCC to respond. In any event, an abuse of legal process counterclaim is not the proper vehicle for The Community's grievances; the proper vehicle would be a motion for sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the court's inherent authority.

Second, The Community asks the court to allow one of its witnesses, Jeffery Murray, to testify by telephone or by Zoom rather than in person. The Community indicates that Murray has a scheduling conflict that prevents him from traveling to Wisconsin for the trial. BBCC does not oppose the motion, so the court will grant it. The Community's counsel is directed to contact the clerk's office to arrange for Murray to testify by Zoom. Both sides are directed to provide Murray with any exhibit that he may need to view during direct or cross examination.

Third, The Community moves to admit evidence regarding statements made by Sam Jacobsen, who is deceased. Dkt. 51. The Community wants to use the statements to show that Sam Jacobsen gave it permission to use its bumblebee logo. At the final pretrial conference, the court observed that these statements might be inadmissible hearsay and ordered The Community to show cause why the statements should be admitted.

The Community contends that the statements are not inadmissible hearsay for three reasons, none of which persuade the court that the statements are admissible for all purposes.

The Community first contends that Sam Jacobsen's statements are not inadmissible under Federal Rules of Evidence 801(d)(2)(A) or Rule 804(b)(3). Under Rule 801(d)(2)(A), a statement is not hearsay if it is offered against an opposing party and "was made by the party in an individual or representative capacity." Rule 801(d)(2)(A) is inapplicable because Sam Jacobsen is not a party to this case. Under Rule 804(b)(3), a statement by an unavailable witness is not excluded as hearsay if "a reasonable person in the declarant's position would have made [it] only if the person believed it to be true" because the statement is contrary to the declarant's interests. The Community hasn't provided evidence suggesting that it was against *Sam Jacobsen's* interests to allow The Community to use its bumblebee logo. Instead, The Community argues that the statements are admissible because they are "directly against the exact interests that *BBCC* is attempting to advance in this case." Dkt. 51, at 3 (emphasis added). But that's not how Rule 804(b)(3) works.

The Community next contends that Sam Jacobsen's statements are not inadmissible because it will offer them for a non-hearsay purpose. Under Rule 801(c), statements are not hearsay if a party offers them in evidence for a reason other than to prove the truth of the matter asserted within the statements. The Community asserts that it will offer the statements

2

as evidence that "it was not willfully violating BBCC's alleged trademark rights." *Id.* at 4. Whether The Community willfully infringed BBCC's mark might be relevant to the issue of relief, so the court will allow The Community to present evidence of Sam Jacobsen's statements for the limited purpose of establishing whether its infringement (if any) was willful. But the court is not persuaded that the statements are otherwise admissible. The court will not allow The Community to present this evidence to support its defenses against BBCC's breach of contract claim.

The Community's last contention is that Sam Jacobsen's statements are admissible under the residual exception. Under Rule 807(a), hearsay statements are not excluded if they are "supported by sufficient guarantees of trustworthiness" and are "more probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts." The driving purpose behind Rule 807 is to "make sure that reliable, material hearsay evidence is admitted." *United States v. Moore*, 824 F.3d 620, 624 (7th Cir. 2016). But none of the typical guarantees of trustworthiness are present here: The Community hasn't indicated that Sam Jacobsen made the statements under oath or subject to cross-examination, and The Community hasn't offered any evidence as to Sam Jacobsen's character for truthfulness. *See Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 583 (7th Cir. 2019). The court won't take The Community's word for it.

In sum, the court will deny in large part The Community's motion to admit Sam Jacobsen's statements approving The Community's use of its bumblebee logo. The court will allow the evidence for the limited purpose of establishing whether any infringement of the BISHOPS BAY mark was willful.

3

Fourth, BBCC moves for leave to file an amended exhibit list and exhibits, Dkt. 52, which the court will grant as unopposed.

## ORDER

IT IS ORDERED that:

1. Defendant The Community of Bishops Bay LLC's motion for leave to amend its answer, Dkt. 47, is DENIED.

2. The Community's motion for Jeffrey Murray to appear by Zoom, Dkt. 50, is GRANTED as unopposed.

3. The Community's motion to admit Sam Jacobsen's statements approving The Community's use of its bumblebee logo, Dkt. 51, is GRANTED in part. The motion is granted with respect to presenting the statements for the limited purpose of establishing whether any infringement of the BISHOPS BAY mark was willful. The motion is denied in all other respects.

4. BBCC's motion for leave to file an amended exhibit list and exhibits, Dkt. 52, is GRANTED as unopposed.

Entered April 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge